R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alan V. Satterwhite*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN V. SATTERWHITE,<br><br>    Plaintiff,<br><br>v.<br><br>FARR-ON-FILM, LLC,<br><br>    Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

Plaintiff Alan V. Satterwhite ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against defendant Farr-on-Film, LLC ("Defendant"), and alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

1. Plaintiff is an individual doing business as a professional photographer at 3751 West 244th Street, Torrance, California, 90505.

2. Upon information and belief, Defendant is a limited liability corporation organized under the laws of Delaware with a principal place of business at 230 West 78th Street, Suite 3A, New York, New York 10024.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

4. Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

5. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Plaintiff's Business**

6. Plaintiff is a professional photographer who makes a living licensing his photographic works for various purposes, including editorial purposes.  He started at a major daily newspaper in Florida while in high school, covering news stories in the American South before moving into a career as a freelance magazine photographer, where he published photographic works in *Playboy*, *Sports Illustrated*, *Time*, *Newsweek*, *People*, *Money*, and *Fortune*, among others. He later formed his own production company, providing his photographic works for advertising

campaigns for internationally known companies such as American Express, Coca Cola, Dole, DuPont, Eastman Kodak, Nikon, Porsche, Saab, Sony, Universal Studios and others.  He has lectured about digital imaging at Boston University, Brooks Institute of Photography, Hallmark Institute of Photography, NYU/Tisch School of the Arts, PhotoExpos in Los Angeles and New York.  His prints are in the permanent collections at the Smithsonian National Portrait Gallery, Houston Fine Art Museum, Santa Barbara Museum of Art, Los Angeles County Museum of Art, George Eastman House, Polaroid Collection, National Museum of African American History among others.

7. Plaintiff's intellectual property is very important to his livelihood.

8. Plaintiff is the original author of the photographic image of Mel Brooks which is at issue in this litigation (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

9. As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

10. On March 21, 2005, Plaintiff registered the Copyrighted Work with the United States Copyright Office, Registration Number VAu 663-953, a copy of which is attached hereto as Exhibit B.

11. Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

B. **Defendant's Unlawful Activities**

12. Upon information and belief, Defendant operates or participates in the operation of a number of websites, including one located at the URL http://www.bestmoviesbyfarr.com, where he uses the copyrighted content created by others, such as that belonging to Plaintiff, to draw internet users to visit and remain at its websites where the Farr brand and products are promoted

and where profits from advertising revenue grow as viewership grows.

13. Plaintiff has discovered that Defendant is and has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

14. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the following websites (herein after the "Infringing Websites"):

- https://www.bestmoviesbyfarr.com/static-assets/images/articles/background/2014/06/2-5mhsdq.jpg
- https://www.bestmoviesbyfarr.com/articles/why-1974-was/2014/06

15. Screenshots of infringements of the Copyrighted Work are attached hereto as Exhibit C.

16. Upon information and belief, the infringing websites are owned and operated by Defendant.

17. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff and without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

18. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

19. The reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is without Plaintiff's authorization.

20. The unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is knowing and willful and in reckless disregard of Plaintiff's rights. Specifically, Plaintiff caused a number of cease and desist letters to be sent to Defendant seeking licensing fees for Copyrighted Work.

21. These requests have gone unanswered, forcing Defendant to seek relief from this Court.

## CLAIM FOR RELIEF
### (Direct Copyright Infringement)

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is Plaintiff's original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Websites.

25. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying near exact copies of the Copyrighted Work.

26. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

28. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

29. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31. The conduct of Defendant has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 26, 2018

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alan V. Satterwhite*